IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HORACE ASH,

      Petitioner,

v.                                      CASE NO. 4:08-cv-00215-RH-GRJ

WALTER MCNEIL,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 7, Petitioner's *pro se* First Amended

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Petition stems

from Petitioner's Leon County jury conviction for the sale of a substance in lieu of

cocaine, for which he received a total sentence of 10 years imprisonment.  Petitioner

was released from the custody of the Florida Department of Corrections on February

24, 2011.[1]  Petitioner contends that he was sentenced as a habitual felony offender in

violation of the State's sequential conviction requirement.  Doc. 7.  Respondent filed a

Response and Appendix with relevant portions of the state-court record, and Petitioner

filed a Reply to the Response.  Docs. 26-28.  Upon due consideration of the Petition,

the Response, the state-court record, and the Reply, the undersigned recommends that

---

[1]Although Petitioner is no longer in the custody of the Florida Department of
Corrections, the Court may presume that the conviction has continuing collateral
consequences even though Petitioner's sentence has now expired.  *See Sibron v. New
York*, 392 U.S. 40, 55 (1968); *Jamerson v. Sec'y, Dept. of Corr.*, 410 F.3d 682, 688
(11th Cir. 2005).

the Petition be denied.[2]

## State-Court Proceedings

The relevant procedural history is summarized in the Response, and Petitioner has not disputed the accuracy of that summary.  Petitioner was charged with the sale of a substance in lieu of cocaine, and the jury found Petitioner guilty of the charged offense on February 28, 2002.  App. Exh. C.  On June 5, 2002, the State filed a motion to have Petitioner declared a habitual felony offender.  App. Exh. D.  On June 6, 2002, the trial court held a sentencing hearing and found that Petitioner qualified as a habitual felony offender, pursuant to Fla. Stat. § 775.084 (2002).  Petitioner was sentenced to ten years imprisonment as a habitual felony offender.  App. Exhs. E, F, & G.  On June 14, 2002, Petitioner filed a notice of direct appeal.  App. Exh. H.  On direct appeal, Petitioner argued that the trial court erred in curtailing the cross examination of a state witness.  App. Exh. I.  On July 9, 2003, Florida's First District Court of Appeal issued its decision *per curiam affirming* the trial court's decision without written opinion.  App. Exh. K.  Subsequently, on August 19, 2003, Florida's First District Court of Appeal denied Petitioner's motion for rehearing and/or clarification.  App. Exh. L.

On September 9, 2003, Petitioner filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging two grounds of ineffective assistance of counsel.  App. Exh. M.  First, Petitioner alleged that his trial counsel was ineffective for failing to advise Petitioner of the State's intent to seek

---

[2]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

habitual felony offender status and penalties.  *Id.*  Second, Petitioner alleged that his trial counsel was ineffective by failing to object to the jury not being sworn prior to voir dire.  *Id.*  The trial court granted an evidentiary hearing as to Petitioner's first claim of ineffective assistance of counsel, but summarily denied Petitioner's second claim of ineffective assistance of counsel because Petitioner failed to allege sufficient facts, which if true, would demonstrate that Petitioner's trial counsel rendered ineffective assistance.  *Id.*  Petitioner requested the appointment of counsel to represent him at the evidentiary hearing.  *Id.*  On November 25, 2003, the trial court held an evidentiary hearing.  *Id.*  At the evidentiary hearing, the trial court denied Petitioner's motion for appointment of counsel, and ultimately denied Petitioner's motion for postconviction relief.  *Id.*

On November 30, 2003, Petitioner filed a notice of appeal in Florida's First District Court of Appeal.  *Id.*  Notably, Petitioner did not appeal the trial court's denial of Petitioner's motion for postconviction relief regarding Petitioner's ineffective assistance of counsel claims.  Rather, in Petitioner's initial brief, he alleged that the trial court erred by denying his motion for appointment of counsel for the evidentiary hearing.  App. Exh. O.  The State filed an answer brief and Petitioner filed a reply brief.  App. Exhs. P & Q. On June 21, 2006, Florida's First District Court of Appeal *per curiam affirmed* the trial court's decision to deny appointment of counsel for the evidentiary hearing without written opinion.  App. Exh. R.

On November 7, 2006, Petitioner filed a second motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  App. Exh. T.  In Petitioner's second motion for postconviction relief, Petitioner alleged his trial counsel was

ineffective by failing to file a motion challenging Petitioner's sentence as a violation of the sequential conviction rule. *Id.* On March 19, 2007, the trial court denied Petitioner's second motion for postconviction relief holding that successive motions for postconviction relief are procedurally barred. *Id.* Subsequently, Petitioner filed a notice of voluntary dismissal of his second motion for postconviction relief. App. Exh. U.

On April 2, 2007, Petitioner filed a third motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. App. Exh. T. In Petitioner's third motion for postconviction relief, Petitioner alleged his trial counsel was ineffective for failing to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), challenging Petitioner's sentence as a violation of the sequential conviction rule. *Id.* Subsequently, on May 14, 2007, the trial court denied Petitioner's motion for postconviction relief finding that his motion was successive and procedurally barred. *Id.* On May 23, 2007, Petitioner filed a notice of appeal in Florida's First District Court of Appeal. *Id.* Neither party filed briefs on appeal. On December 10, 2007, Florida's First District Court of Appeal *per curiam affirmed* the decision of the trial court without written opinion. App. Exh. V.

On May 7, 2007, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). App. Exh. X. In Petitioner's motion, Petitioner alleged his sentence was illegal, because it was imposed in violation of the sequential conviction requirement of Fla. Stat. § 775.084(5) (2002). *Id.* On July 13, 2007, the trial court denied Petitioner's motion finding Petitioner's claim without merit, because Petitioner's prior sentences were imposed separately from one another and the structure of the instant sentence was up to the trial court's discretion. *Id.* Petitioner

filed a notice of appeal.  *Id.*  Neither party filed briefs on appeal.  On February 12, 2008, Florida's First District Court of Appeal *per curiam affirmed* the decision of the trial court without written opinion.  App. Exh. Y.

Petitioner filed the instant federal habeas corpus Petition pursuant to 28 U.S.C. § 2254 on May 7, 2008, and subsequently on May 28, 2008, Petitioner filed his First Amended Petition.  Docs. 1 & 7.  Respondent concedes the Petition is timely and exhausted.  Doc. 26.  The sole claim raised in the Petition is that Petitioner was sentenced in violation of the sequential conviction requirement in Fla. Stat. § 775.084(5) (2002).  Doc. 7.  Petitioner attempts to raise additional claims in his Reply, but as discussed below such claims are time-barred.  Doc. 28.

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.  *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000).  Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined  by  the  Supreme  Court  of  the  United  States."  *See*  28  U.S.C.  § 2254(d)(1).  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385

(1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  A federal writ of habeas corpus is only available in cases of federal constitutional error.  *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508.  Furthermore, the Eleventh Circuit has stated that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan,* 861 F.2d at 1508.

### Discussion

### (1) Petitioner's Sentencing Claim

Petitioner claims that he was sentenced as a habitual felony offender in violation of the sequential conviction requirement of Fla. Stat. § 775.084(5) (2002).  Doc. 7. Petitioner contends that as a result of the alleged sentencing error his due process and Eight Amendment rights were violated.  *Id*.  A review of the Petition and the state court record reflects that Petitioner's claim is a state law claim challenging the application of state sentencing laws; and therefore the claim is not cognizable on federal habeas

review.  *See* 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").

Despite Petitioner's conclusional assertion that his sentence violated both state and federal constitutional law, Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Moreover, Petitioner couches his sentencing claim in terms of due process and Eighth Amendment violations, but it is clear that the substance of Petitioner's claim is that the state court erred in the application of its own sentencing law.  This Court has consistently rejected similar habeas corpus claims.  *See*, *e.g., Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009).  In *Coley*, the petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection.  *Id.*  This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the petitioner had only presented a state law claim.  *Id.*  Thus, the petitioner's sentencing claim was not cognizable on federal habeas review, and the petitioner was

not entitled to federal habeas relief.  *Id.*; *see also Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*, 699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Petitioner's sentencing claim in the instant matter is similar to *Coley*.  Here, Petitioner attempts to couch his state law claims in federal issues by broadly claiming due process and Eight Amendment violations.  However, merely couching a state law claim in federal constitutional terms does not give rise to a cognizable habeas claim. Accordingly, Petitioner's claim is foreclosed from federal habeas review.

### (2) Petitioner's Additional Claims in his Reply

Petitioner attempts to raise new claims for the first time in his Reply.  *See* Docs. 1, 7, & 28.  The new claims are somewhat unclear; however, liberally construed, Petitioner raises four claims of ineffective assistance of counsel in connection with his sentence and one claim that he was denied due process by the trial court's denial of appointment of counsel for the evidentiary hearing.  Doc. 28.  In light of the new claims Petitioner raises in his Reply, this Court construes Petitioner's Reply as an attempt to file an amended petition.  Petitioner is foreclosed from raising new claims in his Reply for two reasons.  First, Petitioner is not permitted to file an amended petition without leave of Court, and second, even if Petitioner's Reply was construed as an amended petition it would be time-barred.

The issue of whether a petitioner may amend a petition for writ of habeas corpus

by making new claims in a reply has been previously addressed by this Court. *See Smith v. Buss*, 2011 WL 818157 at *2 (N.D. Fla. Feb. 4, 2011). In *Smith*, this Court held that a petitioner cannot assert new claims in a reply without obtaining consent from the respondent or requesting leave to amend, unless the claims relate back to the original petition. *See* Fed. R. Civ. P. 15;[3] *Id.* Also, new claims in a reply must comply with the one-year limitations period of 28 U.S.C. § 2244. *Id.* at *4.

The instant matter is similar to *Smith*. Here, Petitioner did not receive consent from Respondent or leave of Court to amend his petition. Even if Petitioner had sought leave to amend, such leave would have been denied, because the one-year limitations period had expired.[4] Therefore, to be considered timely, Petitioner's new claims must satisfy the "relation back" principles of Rule 15. *See* Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). A new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original" habeas petition. *Davenport*, 217 F.3d at 1344. For relation back to apply, the untimely claim must "have more in common with the timely filed claim than

---

[3]"Under federal habeas law, an application for a writ of habeas corpus generally may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied when appropriate and "when not inconsistent with these rules"); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir.2007) (Federal Rules of Civil Procedure apply to habeas proceedings, to the extent that they are not inconsistent with the statutes that govern habeas proceedings)." *Smith*, 2011 WL 818157 at *3.

[4]The record reflects that Petitioner's conviction became final on October 7, 2003, and even assuming that all of his postconviction motions tolled the limitations period, it expired, at the latest, on or about September 19, 2008. Petitioner's filing of his federal habeas Petition on May 7, 2008, did not toll the limitations period; and therefore the Reply filed on January 23, 2009 is clearly time-barred.

the mere fact that they arose out of the same trial and sentencing proceeding." *Id*.

Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely

filed claim, not from separate conduct or a separate occurrence in 'both time and type.'"

*Id*. Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new

claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1318

(11th Cir. 2001). Thus, while the rule "contemplates that parties may correct technical

deficiencies or expand facts alleged in the original pleading, it does not permit an

entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

In the instant matter, Petitioner's sole claim in his Amended Petition was that the

habitual felony offender sentence imposed by the Sate court violated the State statutory

sequential conviction requirement. The new ineffective-assistance claims Petitioner

raises in his Reply stem from separate conduct and facts – the actions and advice of

his counsel – apart from the legality of the sentence the court imposed. The new due

process claim is wholly unrelated to Petitioner's sentence because it relates to a

postconviction proceeding. Therefore, Petitioner is foreclosed from bringing these new,

time-barred claims in his Reply under the relation back rules.[5]

## <u>Conclusion</u>

For the foregoing reasons it is respectfully **RECOMMENDED** that the Amended

Petition for a writ of habeas corpus, Doc. 7, be **DENIED**, and that a certificate of

---

[5]It is also clear that Petitioner's new claims of ineffective assistance of counsel are unexhausted and procedurally barred because, as discussed above, Petitioner did not appeal the trial court's denial of Petitioner's first motion for postconviction relief that asserted these claims.

appealability be **DENIED**.

      **DONE AND ORDERED** this 19th day of July 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**